# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SOVEREIGN BANK, a federal savings bank, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 10-4314 ) |
| INLAND BANK AND TRUST, f/k/a Amerimark Bank, an Illinois banking association, as trustee under Trust No. 01-522, JOSEPH PAV, an individual, UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY, and U.S. BANK NATIONAL ASSOCIATION, a national banking association, as successor-in-interest to the Federal Deposit Insurance Corporation, Receiver for Park National Bank, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR FORECLOSURE

Sovereign Bank ("*Sovereign*"), by and through its undersigned counsel, for its foreclosure complaint against the captioned defendants, states and alleges as follows:

## JURISDICTION

1. Sovereign is a federal savings bank, having its headquarters in Pennsylvania.

2. Inland Bank and Trust is the successor in interest to Amerimark Bank (*"Amerimark Bank"*) and is an Illinois banking corporation organized and existing under

the laws of the State of Illinois. Amerimark Bank has a place of business at 2805 Butterfield Road, Oak Brook, Illinois.

3. Joseph Pav is an individual who resides in Cook County, Illinois.

4. U.S. Bank National Association is a corporation incorporated under the laws of United States of America, and has its principal place of business in the State of Ohio.

5. The jurisdiction of this Court is invoked pursuant to diversity jurisdiction specified by 28 U.S.C. § 1332 and this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. § 1367.

6. The amount in controversy in this case exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332(a).

7. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) and pursuant to the forum selection clause in the mortgage that is the subject of this litigation.

**COUNT TO FORECLOSE MORTGAGE**

8. Sovereign files this Complaint to foreclose on that certain Multifamily Mortgage, Assignment of Rents and Security Agreement (the "*Mortgage*") as further described herein

9. Attached as **Exhibit A** is a copy of the Mortgage and attached as **Exhibit B** is a copy of the Multifamily Note (the "*Note*") secured thereby.

10. Information concerning the Mortgage:

    a. Nature of instrument: Mortgage.

    b. Date of Mortgage: August 16, 2007.

    c.    Name of Mortgagors: Joseph Pav and Amerimark Bank, as Trustee under Trust No. 01-522, dated August 1, 2001.

    d.    Name of Mortgagee: Sovereign Bank.

    e.    Date and Place of Recording: August 22, 2007, with the Office of the Cook County Recorder.

    f.    Identification of Recording: Document No. 0723447128.

    g.    Interest Subject to Mortgage: Fee simple title conveyed as security.

    h.    Amount of original indebtedness, including subsequent advances made under the Mortgage: $529,000.

    i.    Legal description and common street address of the mortgaged property:

Street Address: 2402 Clarence Avenue, Berwyn, Illinois 60402

Legal Description:

The North 27 fee of Lot 20 in the Chicago Title and Trust Company's subdivision of the East 30 acres of the West ½ of the Northeast ¼ of Section 30, Township 39 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois.

    j.    Statement as to defaults:

    i.    Mortgagor has not paid the monthly installments of principal, interest, taxes, or insurance for March 1, 2009 through the present.

    ii.    The current unpaid principal balance is $519,680.23.

iii. The total amount due as of June 29, 2010, is not less than $655,348.02, plus any applicable prepayment premium (the "*Indebtedness*"), consisting of the following:

| | |
|---|---:|
| Principal Balance Due | $519,680.23 |
| Interest Due @ 6.000% | $43,999.59 |
| Default Interest Due | $70,156.82 |
| Late Charges | $3,749.20 |
| Prepayment premium | TBD |
| Cullen and Dykman | $208.00 |
| Cook Count | $5.00 |
| Return Fee | $100.00 |
| Appraisal Fee | $1,500.00 |
| Inspection Fee | $350.00 |
| Legal Fee | $2,500.00 |
| Escrow Balance Due | $13,099.18 |
| **Total payoff amount** | **$655,348.02** |

iv. The per diem interest accruing under the Mortgage is $86.61.

k. Name of present owners of the real estate: Amerimark Bank, as Trustee under Trust No. 01-522, dated August 1, 2001.

l. Names of other persons who are joined as Defendants and whose interests in or liens on the mortgaged real estate are sought to be terminated:

1. The United States of America, Department of Treasury is a party to this action by virtue of the two following purported federal tax liens arising under the Internal Revenue laws against Mr. Pav: (i) a tax lien in the amount of $16,659.15, dated April 7, 2009, which was recorded on April 14, 2009 with the Cook County Recorder of Deeds at Document No. 0910426079; and (ii) a tax lien in the amount of $42,864.29, dated January

15, 2010, which was recorded on January 22, 2010 at Document No. 1002226316.

2. U.S. Bank National Association, as successor-in-interest to the Federal Deposit Insurance Corporation, Receiver for Park National Bank ("***U.S. Bank***"), is a party to this action by virtue of the following recorded judgments: (i) Memorandum of Judgment, dated March 4, 2010, which was recorded on March 9, 2010, with the Cook County Recorder of Deeds at Document No. 1006810022; (ii) Memorandum of Judgment, dated March 10, 2010, which was recorded on March 12, 2010, with the Cook County Recorder of Deeds at Document No. 1007110021; (iii) Memorandum of Judgment, dated March 10, 2010, which was recorded on March 12, 2010, with the Cook County Recorder of Deeds at Document No. 1007110022; (iv) Memorandum of Judgment, dated March 10, 2010, which was recorded on March 12, 2010, with the Cook County Recorder of Deeds at Document No. 1007110023; (v) Memorandum of Judgment, dated March 10, 2010, which was recorded on March 12, 2010, with the Cook County Recorder of Deeds at Document No. 1007110024; and (vi) Memorandum of Judgment, dated March 10, 2010, which was recorded on March 12, 2010, with the Cook County Recorder of Deeds at Document No. 1007110025.

m. Names of Defendants claimed to be personally liable for deficiency, if any: None.

n. Capacity in which Plaintiff brings this foreclosure: Sovereign Bank is the legal owner and holder of the Note and Mortgage and is entitled to all sums due thereunder.

o. Facts in support of shortened redemption period, if sought: None at the time of the filing of this Complaint. However, should the mortgaged real estate become abandoned during the pendency of this foreclosure action, Sovereign requests that the Court make a finding of abandonment and shorten the redemption period.

p. Statement that the right of redemption has been waived by all owners of redemption, if applicable: Mortgagor has not waived his right of redemption.

q. Facts in support of request for attorneys' fees and of costs and expenses, if applicable: Pursuant to the terms of the Note and Mortgage, the mortgagor has obliged himself to pay the attorneys' fees, court costs, title costs, and other expenses which Sovereign has been, and will be, required to expend in the prosecution of its rights thereunder, including the prosecution of this foreclosure action.

r. Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought: (i) the mortgaged property is an income property and does not qualify as a "residential" property under the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1219; (ii) Mr. Pav filed for bankruptcy under Chapter 7 of the Bankruptcy Code on April 6, 2010 (the "***Pav Bankruptcy***"), and, on information and belief, is not adequately maintaining or insuring the mortgaged property; (iii) pursuant to an order of the Bankruptcy Court entered on May 25, 2010, Sovereign obtained relief from the automatic bankruptcy stay in the Pav Bankruptcy; (iv) pursuant to the Mortgage, Mr. Pav absolutely and unconditionally assigned and transferred all Rents (as defined in the

Mortgage) to Sovereign to secure the Indebtedness; (v) upon the occurrence of an Event of Default (as defined in the Mortgage), Mr. Pav consented under the Mortgage, to, among other things, Sovereign's possession of the mortgaged property and/or the appointment of a receiver over the mortgaged property; (vi) the appointment of a receiver is necessary to protect Sovereign's interest in the mortgaged property; and (vii) there is a reasonable probability that Sovereign will prevail in this foreclosure action because, among other reasons, Mr. Pav has substantially defaulted under the Note and Mortgage and has no apparent means of curing the defaults thereunder. Sovereign requests that the Court appoint Alex Moglia of Moglia Advisors as a receiver over the mortgaged property.

      s.      Plaintiff does not offer to Mortgagor in accordance with 735 ILCS 5/15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale.

      t.      Facts in support of possession of the premises upon sale confirmation: Mr. Pav is currently in possession of the mortgaged real estate and his right to possess the mortgaged property is sought to be terminated herein. Sovereign or the purchaser at the sale or the holder of the certificate of sale or deed is entitled to possession of the mortgaged property after the 30th day after the foreclosure sale is confirmed.

      WHEREFORE, Sovereign respectfully requests:

    A.    A Judgment of Foreclosure and Sale;

    B.    An order granting a shortened redemption period, if applicable;

    C.    An order granting possession, if sought;

D.  An order appointing Alex Moglia a receiver over the mortgaged property with the right to, among other things, collect all rents from lessees;

E.  A finding that the interests of all named defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any;

F.  An order enforcing the assignment of rents derived from the real estate;

G.  Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief;

## ADDITIONAL REQUEST FOR RELIEF

Plaintiff also requests that the Judgment of Foreclosure and Sale or other orders entered herein provide for the following pursuant to 735 ILCS 5/15-1506(f):

H.  A sale by public auction;

I.  A cash sale by open bid;

J.  A provision that a Sales Officer, Sheriff of Cook county, or special commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Sovereign in the event of Redemption;

K.  An order that the title in the real estate may be subject, at the sale, to exceptions including all general real estate taxes payable as of the date of entry of the Judgment of Foreclosure, any special assessments on the real estate, and easements and restrictions of record;

L.  That Sovereign be entitled to recover in any reinstatement or redemption, any additional taxes paid, or advances paid for expenses including, but not limited to,

insurance, inspection, boarding and securing said premises, or other expenses to preserve and protect said security.

M. In the event a party to the foreclosure is a successful bidder at the sale, that such party shall be allowed to offset against the purchase price to be paid for the real estate amounts due that party under the Judgment of Foreclosure or Order confirming the sale.

July 12, 2010

Respectfully submitted,

**SOVEREIGN BANK**

By: /s/ William J. Factor
One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF
   WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
       slorber@wfactorlaw.com