**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SOVEREIGN BANK, a federal savings bank, </br></br>   Plaintiff, </br></br> v. </br></br> INLAND BANK AND TRUST, f/k/a Amerimark Bank, an Illinois banking association, as trustee under Trust No. 01-522, *et al*., </br></br>   Defendants. | Case No. 10-4314 </br></br> Honorable William T. Hart |

## MOTION TO APPOINT MOGLIA ADVISORS AS RECEIVER

Sovereign Bank ("*Sovereign*"), by and through its undersigned counsel, moves the Court for entry of an order appointing Moglia Advisors as receiver over the Property (as defined herein) in this mortgage foreclosure case. In support of this motion, Sovereign relies on its Memorandum in Support of Motion to Appoint Moglia Advisors as Receiver (the "*Supporting Memorandum*") and states and alleges as follows:

1. Sovereign initiated this foreclosure proceeding following the default of Joseph Pav ("*Pav*") and Inland Bank and Trust, f/k/a Amerimark Bank, an Illinois banking association (the "*Trustee*"), as trustee under Trust No. 01-522, dated August 1, 2001 (the "*Trust*"), under those certain Multifamily Note and Multifamily Mortgage, Assignment of Rents and Security Agreement (the "*Mortgage*"), both dated August 16, 2007.

2.      As more fully set forth in the Supporting Memorandum, appointment of a receiver is appropriate because: (i) the property securing performance under the Multifamily Note (the "**Property**") is nonresidential property within the meaning of 735 ILCS 5/15-1701(b)(1); (ii) Pav and the Trust expressly consented in the Mortgage to the appointment of a receiver in the event of default; and (iii) there is a reasonable probability that Sovereign will prevail in this foreclosure case because Pav and the Trust are in clear default under the Multifamily Note and Mortgage. Further, there is no good cause why Pav or the Trust should remain in possession of the Property.

3.      In addition, Sovereign requests that the Court waive any requirement of a bond in this case because there is no potential harm to the defendants.

4.      Finally, in the event that this motion is not granted at presentment on July 29, 2010, Sovereign requests that the Court set the motion for a short hearing date and enter an interim order requiring Pav to segregate all rents collected from the Property and providing that any such funds be used by Pav only to pay legitimate, recurring, ordinary course operating expenses for the Property (*e.g.*, utilities) that are due to persons other than defendants.

WHEREFORE, for the reasons stated herein and in the Supporting Memorandum, Sovereign respectfully requests that the Court (A) appoint Moglia Advisors as receiver over the Property with the powers and duties set forth in 735 ILCS 5/15-1704, (B) if appropriate, enter an interim order pending finagling hearing on this motion that requires Pav to segregate all rents collected from the Property and provides that any such funds may be used by Pav only to pay legitimate, recurring, ordinary course operating expenses for the Property, and (C) grant Sovereign such further relief as is just.

July 23, 2010                                        Respectfully submitted,

                                                                           **SOVEREIGN BANK**

                                                       By: /s/ Sara E. Lorber
                                                              One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF**
   **WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
         slorber@wfactorlaw.com