**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SOVEREIGN BANK, a federal savings bank, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-4314 |
| v. | ) ) ) | Honorable William T. Hart |
| INLAND BANK AND TRUST, f/k/a Amerimark Bank, an Illinois banking association, as trustee under Trust No. 01-522, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO APPOINT MOGLIA ADVISORS AS RECEIVER**

Sovereign Bank ("***Sovereign***"), by and through its undersigned counsel, submits the following memorandum of law in support of its motion to appoint Moglia Advisors as receiver over the Property (as defined herein).

**THE FACTS**

On or about August 16, 2007, Sovereign, as lender, and Joseph Pav ("***Pav***") and Inland Bank and Trust, f/k/a Amerimark Bank, as the trustee (the "***Trustee***") under Trust No. 01-522, dated August 1, 2001 (the "***Trust***"), as the borrowers, entered into a Multifamily Note (the "***Note***") in the principal amount of $529,000.  *See* Declaration of Peter Triano at ¶ 2 and Ex. 1 (**Exhibit A**).

The proceeds of the Note were used by Pav to acquire a nine-unit residential property commonly known as 2402 Clarence Avenue, Berwyn, Illinois 60402 (the

"***Property***"), which Pav operated as a rental property. Title to the Property is held by the Trust and Pav is the beneficiary of the Trust.[1]

In connection with the Note, Pav and the Trustee executed a Multifamily Mortgage, Assignment of Rents and Security Agreement (the "***Mortgage***") in favor of Sovereign. The Mortgage was recorded with the Office of the Cook County Recorder on August 22, 2007 as Document No. 0723447128. *Id*. at ¶¶ 3-4 and Ex. 2.

Neither Pav nor the Trust has made any payments under the Note and Mortgage since approximately February 2009, and, as of June 29, 2010, there is due and owing under the Note an amount of not less than $655,348.02. *Id*. at ¶ 5. On information and belief, seven of the units are rented and Pav continues to collect the rents on those units.

On April 6, 2010, Pav filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. *See In re Pav*, Case No. 10-15240 (Bankr. N.D. Ill), at Dkt. No. 1 (the "***Pav Bankruptcy***"). In the bankruptcy schedules that Mr. Pav filed in the Pav Bankruptcy (the "***Schedules***"), Pav represented that the value of the Property is $412,000, substantially less than the amount owed to Sovereign under the Note. *Id*. at Schedule A. Sovereign filed a motion for relief from the automatic bankruptcy stay in the Pav bankruptcy so that it could exercise its rights under the Mortgage. That motion was granted on May 25, 2010. *See* **Exhibit B**.

## MOGLIA ADVISORS

In anticipation of this motion, Sovereign evaluated several receiver candidates and proposes that Moglia Advisors be appointed as receiver with the powers and duties

---

[1]  The Trust is an Illinois land trust. Thus, while the Trust holds legal title to the Property, Pav, the Trust's beneficiary, has full power to dispose of the property and complete control over its management.

2

set forth in 735 ILCS 5/15-1704.   Sovereign selected Moglia Advisors because of its extensive experience as a receiver for distressed real estate and because of the extensive experience of its President, Alex Moglia, as a federal bankruptcy trustee, which experience is more fully detailed at www.mogliaadvisors.com.  Alex Moglia currently serves as the Chapter 7 Trustee for the Pav Bankruptcy.

Moglia Advisors does not have any conflict of interests that would prevent it from serving as a receiver in this case.   Neither Moglia Advisor nor its professionals have any connection with Sovereign that would create a conflict of interest in this case.

The hourly rates of the Moglia Advisor professionals who may provide services are as follows:

| Professional | Title | Hourly Rate |
|---|---|---|
| Alex D. Moglia | President | $390.00 |
| Gary Wencel | Managing Director | $350.00 |
| Diana Casas | Director | $225.00 |
| Matthew Brash | Assistant | $100.00 |

Moglia Advisors anticipates the bulk of services that will be provided as receiver will be handled by the professionals with lower billing rates.

**LEGAL DISCUSSION**

I.      **SOVEREIGN IS ENTITLED TO APPOINTMENT OF A RECEIVER
         UNDER ILLINOIS MORTGAGE FORECLOSURE LAW.**

Under Illinois mortgage foreclosure law, which governs in this case,[2] there is a presumption in favor of the mortgagee's right to possession under 735 ILCS 5/15-1701(b)(1) during a mortgage foreclosure proceeding in cases involving nonresidential real property. *Home Life Ins. Co. v. American Nat'l Bank and Trust Co.*, 777 F. Supp. 629, 631 (N.D. Ill. 1991); *FHLMC v. Riverdale Bank*, No. 92 C 1332, 1992 WL 73539 at 2 (N.D. Ill. Mar. 27, 1992). In such cases, in order to establish entitlement to possession, the mortgagee must demonstrate that: (1) possession is authorized under the terms of the mortgage or other written instrument, and (2) there is a reasonable probability that it will prevail on the final hearing on the cause. *See* 735 ILCS 5/15-1701(b)(2).

Once these requirements are met and the mortgagee so requests, a court "shall" appoint a receiver unless the mortgagor objects and shows good cause for why it should remain in possession. 735 ILCS 5/15-1702(a). *See also Home Life*, 777 F. Supp. at 63; *Federal Home Loan Mortgage Corp. v. Shelter Management XI*, 1993 U.S. Dist. LEXIS 8288, 6-7 (N.D. Ill. June 16, 1993); *Barclays Bank PLC v. American Nat'l Bank & Trust Co.*, 1992 U.S. Dist. LEXIS 7563, 3-4 (N.D. Ill. May 29, 1992).

As demonstrated below, all of the requirements for appointment of a receiver are present here.

---

[2] *Federal Home Loan Mortg. Corp. v. Riverdale Bank*, 1992 U.S. Dist. LEXIS 5539 (N.D. Ill. Mar. 26, 1992).

4

**A.     The Property is Non-Residential Real Property for Purposes of 735 ILCS 5/15-1701(b)(1).**

While the Property is a nine-unit residential property, it actually qualifies as

nonresidential real estate for purposes of a possession analysis under 735 ILCS 5/15-

1701(b)(1), which provides, in relevant part, that:

> If the residential real estate consists of more than one dwelling unit, then for the purpose of this Part residential real estate shall mean only that dwelling unit or units occupied by persons described in clauses (i), (ii) and (iii) of Section 15-1219

Section 15-1219, in turn, provides:

> "Residential real estate" means any real estate, except a single tract of agricultural real estate consisting of more than 40 acres, which is improved with a single family residence or residential condominium units or a multiple dwelling structure containing single family dwelling units for six or fewer families living independently of each other, which residence, or at least one of which condominium or dwelling units, is occupied as a principal residence either (i) *if a mortgagor is an individual, by that mortgagor, that mortgagor's spouse or that mortgagor's descendants, or (ii) if a mortgagor is a trustee of a trust or an executor or administrator of an estate, by a beneficiary of that trust or estate or by such beneficiary's spouse or descendants or (iii) if a mortgagor is a corporation, by persons owning collectively at least 50 percent of the shares of voting stock of such corporation or by a spouse or descendants of such persons*. The use of a portion of residential real estate for non-residential purposes shall not affect the characterization of such real estate as residential real estate.

735 ILCS 5/15-1219 (emphasis added).

According to Pav's Schedules, he and his wife do not live at the Property.

Further, none of the seven rented units appear to be rented to Pav's descendants.

According to Pav's Schedules, he and his wife have a 16-year old daughter, who

presumably lives with her parents.  *See* Schedule I.

### B. Pav and the Trustee Consented to Possession and Appointment of a Receiver in the Event of Default.

Pav and the Trustee expressly consented in the Mortgage to the appointment of a receiver in the event of default and the Court should enforce the parties' agreement in this regard. Specifically, the Mortgage provides:

> If an Event of Default has occurred and is continuing, Lender may, regardless of the adequacy of Lender's security or the solvency of Borrower and even in the absence of waste, enter upon and take and maintain full control of the Mortgaged Property in order to perform all acts that Lender in its discretion determines to be necessary or desirable for the operation and maintenance of the Mortgaged Property, including the execution, cancellation or modification of Leases, the collection of all Rents, the making of repairs to the Mortgaged Property and the execution or termination of contracts providing for the management, operation or maintenance of the Mortgaged Property, for the purposes of enforcing the assignment of Rents pursuant to Section 3(a), protecting the Mortgaged Property or the security of this Instrument, or for such other purposes as Lender in its discretion may deem necessary or desirable. *Alternatively, if an Event of Default has occurred and is continuing, regardless of the adequacy of Lender's security, without regard to Borrower's solvency and without the necessity of giving prior notice (oral or written) to Borrower, Lender may apply to any court having jurisdiction for the appointment of a receiver for the Mortgaged Property to take any or all of the actions set forth in the preceding sentence. If Lender elects to seek the appointment of a receiver for the Mortgaged Property at any time after an Event of Default has occurred and is continuing, Borrower, by its execution of this Instrument, expressly consents to the appointment of such receiver, including the appointment of a receiver ex parte if permitted by applicable law.* Lender or the receiver, as the case may be, shall be entitled to receive a reasonable fee for managing the Mortgaged Property. Immediately upon appointment of a receiver or immediately upon the Lender's entering upon and taking possession and control of the Mortgaged Property, Borrower shall surrender possession of the Mortgaged Property to Lender or the receiver, as the case may be, and shall deliver to Lender or the receiver, as

6

the case may be, all documents, records (including records on electronic or magnetic media), accounts, surveys, plans, and specifications relating to the Mortgaged Property and all security deposits and prepaid Rents. In the event Lender takes possession and control of the Mortgaged Property, Lender may exclude Borrower and its representatives from the Mortgaged Property. Borrower acknowledges and agrees that the exercise by Lender of any of the rights conferred under this Section 3 shall not be construed to make Lender a mortgagee-in-possession of the Mortgaged Property so long as Lender has not itself entered into actual possession of the Land and Improvements.

Mortgage at § 3(d) (emphasis added).

C.     **There is a Reasonable Probability that Sovereign Will Prevail in this Foreclosure Case**.

There is more than a reasonable probability that Sovereign will prevail in this foreclosure case because Pav and the Trust are in clear default under the Note and Mortgage. "Where a default is proven, that in and of itself establishes a reasonable probability of success." *Federal Home Loan Mortg. Corp. v. Riverdale Bank*, 1992 U.S. Dist. LEXIS 5539 (N.D. Ill. Mar. 26, 1992) (citing *Olympic Federal v. Witney Development Co*., 113 Ill.App.3d 981, 447 N.E.2d 1371, 1375, 69 Ill. Dec. 684 (2d Dist. 1983)). *See also Barclays Bank PLC v. American Nat'l Bank & Trust Co*., 1992 U.S. Dist. LEXIS 7563 (N.D. Ill. May 29, 1992) (finding there was a reasonable probability that the bank will prevail on a final hearing where the borrower failed to pay real estate taxes); *Nissan Motor Acceptance Corp. v. Schaumburg Nissan, Inc*., 1993 U.S. Dist. LEXIS 11873, 2-3 (N.D. Ill. Aug. 25, 1993) (finding mortgagee demonstrated a reasonable probability of success on the merits where verified complaint asserted multiple uncontroverted defaults, including that the mortgagor failed to pay principal and

interest when due on the note secured by the property in question and failed to cure that default in a timely manner).

      **D.**    **There is no Good Cause for Allowing Pav to Remain in Possession of the Property.**

Finally, there is no good reason to allow Pav to remain in possession of the Property.

"Good cause" for leaving a mortgagor in possession is not defined under Illinois mortgage foreclosure law, although courts have noted that the inquiry "logically" should "look to whether the functions normally performed by a receiver can be better performed by the mortgagor or by the mortgagee and/or its receiver." *Federal Home Loan Mortg. Corp. v. Dearborn Street Bldg. Assoc., Ltd.*, 1991 U.S. Dist. LEXIS 1286, *13 (N.D. Ill. Jan. 31, 1991). The mortgagor, however, "cannot simply rely on the absence of fraud, mismanagement, waste or other dissipation of the mortgaged real estate." *Id*. at *14.

Generally, the duties of a receiver encompass the operation, management and conservation of the mortgaged property. 735 ILCS 5/15-1704(b)-(c). Here, neither Pav nor the Trustee is in a position to fulfill these duties.

First, the Trust has no substantive interest in the Property or the incentive to maintain the Property. The Trust is merely an Illinois land trust and true ownership lies with Pav, as the beneficiary under the Trust. *People v. Chi. Title & Trust Co.*, 75 Ill. 2d 479, 389 N.E.2d 540, 545 (Ill. 1979) ("In examining a land trust it is apparent that true ownership lies with the beneficiaries though title lies with the trustee.").

Second, Pav is in bankruptcy and clearly cannot cure the substantial defaults under the Note and Mortgage and is not in a position to properly maintain the Property.

Moreover, Sovereign is entitled to an assignment of rents under the Mortgage and, under Illinois law, Sovereign requests that it be permitted to obtain actual or constructive possession of the Property through appointment of a receiver in order to enforce that contractual right. *Anna Nat. Bank v. Prater*, 154 Ill. App. 3d 6, 506 N.E.2d 769, 776 (5th Dist. 1987) ("Under well-established Illinois law, a clause in a real estate mortgage pledging rents and profits creates an equitable lien upon such rents and profits of the land, which may be enforced by the mortgagee upon default by taking possession of the mortgaged property."); *Comerica Bank-Illinois v. Harris Bank Hinsdale*, 284 Ill. App. 3d 1030, 1034 (1st Dist. 1996) ("[C]ourts have ruled that mortgagees may be entitled to rents once a receiver has been appointed.").

## II.  SOVEREREIGN IS ENTITLED TO SELECT THE RECEIVER

Section 15-1702 governs selection of the receiver for mortgaged premises during a foreclosure action, and grants the right to designate the receiver to the mortgagee. Section 15-1702(b) provides:

> Whenever a receiver is to be appointed, the mortgagee *shall be* entitled to designate the receiver. If the mortgagor or any other party to the foreclosure objects to any such designation or designations and shows good cause, or the court disapproves the designee, the mortgagee in such instance shall be entitled to make another designation.

735 ILCS 5/15-1702(b) (emphasis added).

Sovereign designates Moglia Advisors, and submits that Moglia Advisors is well qualified to serve as the receiver in this case and that there is no cause for rejecting Sovereign's choice of receivers.

9

## III.   MOGLIA ADVISORS SHOULD NOT BE REQUIRED TO POST A BOND

Section 15-1705 provides that "[w]hen a receiver is appointed, bond *may be required . . .*" 735 ILCS 5/15-1705(b) (emphasis added).   Moglia Advisors should not be required to post a bond in this case because of the lack of any potential harm to the defendants.  *Nissan Motor Acceptance Corp. v. Schaumburg Nissan, Inc.*, 1993 U.S. Dist. LEXIS 11873 (N.D. Ill. Aug. 25, 1993) (refusing to require mortgagee in possession to post bond where the defendants' potential damages were speculative and the mortgagee was in sound financial shape).   As noted above, the amount due and owing to Sovereign is in excess of $650,000, and the Property is worth substantially less than this amount, perhaps as little as $400,000.  Thus, Sovereign bears all of the risk in this case and it does not believe a bond is necessary in light of Moglia Advisors' prior experience and reputation.[3]

## IV.   PENDING APPOINTMENT OF A RECEIVER, THE RENTS FROM THE PROPERTY SHOULD BE SEGREGATED AND USED ONLY TO PAY ORDINARY OPERATING EXPENSES.

Under the Mortgage, Pav and the Trust unconditionally assigned all rents from the Property to Sovereign and authorized Sovereign to collect the rents in the event of a default.  *See* Mortgage at § 3.  Sovereign therefore requests that, to the extent the motion to appoint a receiver is not granted at presentment on July 29, 2010, the Court enter an interim order pending the final hearing on the motion that (1) requires Pav to segregate any and all rents collected from the Property, and (2) provides that any rents may be used

---

[3] Moglia Advisors has served as a receiver in other cases involving substantially greater assets without the posting of a bond.  *See, e.g.*, *Bank of America, N.A. v. Pro-Onsite Technologies, LCC*, Case No. 10-cv-00013 (S.D. Ohio); *Mounsef v. Mounsef*, Case No. 08-CH-11429 (Circuit Court of Cook County).

by Pav only to pay legitimate, recurring, ordinary course operating expenses for the Property (*e.g.*, utilities) that are due to persons other than defendants.

## CONCLUSION

For all of the reasons stated herein, Sovereign respectfully requests that the Court (A) if appropriate, enter an interim order  pending a final hearing on the motion to appoint a receiver that (i) requires Pav to segregate any and all rents collected from the Property, and (ii) provides that any such rents may be used by Pav only to pay legitimate, recurring, ordinary course operating expenses for the Property (*e.g.*, utilities) that are due to persons other than defendants, (B) appoint Moglia Advisors as receiver over the Property with the powers and duties set forth in 735 ILCS 5/15-1704, and (C) grant Sovereign such further relief as is just.

Dated:   July 23, 2010                                  Respectfully submitted,

                                                                **SOVEREIGN BANK**

                                                                By:  /s/ Sara E. Lorber
                                                                          One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF**
      **WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
Tel:     (847) 239-7248
Fax:     (847) 574-8233
Email: wfactor@wfactorlaw.com
          slorber@wfactorlaw.com

11